## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## SEATTLE DIVISION

| | |
|---|---|
| Brian Downing<br>20412 14th Ave S<br>Seatac, WA 98198<br><br>      Plaintiff,<br><br>v.<br><br>National Check Processing, LLC<br>c/o Michelle Turner, Registered Agent<br>727 Brookmont Ave E<br>Jacksonville, FL 32211<br><br>      Defendant. | Case No.:<br><br>Judge:<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, INVASION OF PRIVACY, AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

### JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 and under the doctrine of Supplemental Jurisdiction pursuant to 28 U.S.C. §1367(a).  Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

### FACTS COMMON TO ALL COUNTS

2. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

3. Plaintiff incurred a "debt" as defined by 15 U.S.C. §1692a(5).

4. At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

6. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

7. On or around May 17, 2010, Defendant telephoned Plaintiff's girlfriend ("Girlfriend").

8.  During this communication, Defendant disclosed the existence, nature, and/or amount of the debt to Girlfriend.

9.  On or around May 17, 2010, Plaintiff telephoned Defendant.

10. During this communication, Defendant failed to identify that Defendant was a debt collector.

11. During this communication, Defendant represented that Defendant was a private investigator.

12. During this communication, Defendant falsely represented that Defendant was calling about fraud and bad check charges against Plaintiff.

13. During this communication, Defendant threatened to contact the county and have Plaintiff arrested if the debt was not paid by 2 o'clock that afternoon.

14. At the time of this communication, Defendant had neither the intent nor ability to arrest Plaintiff.

15. On or around May 19, 2010, Defendant telephoned Plaintiff's mother ("Mother") and left a voice message.

16. During this communication, Defendant disclosed the existence, nature, and/or amount of the debt to Mother.

17. During this communication, Defendant represented that there was a legal investigation concerning Plaintiff.

18. On or around May 28, 2010, Defendant left a voice message for Girlfriend

19. . During this communication, Defendant disclosed the existence, nature, and/or amount of the debt to Girlfriend.

20. During this communication, Defendant falsely represented that Defendant was calling from the "fraud and worthless check division."

21. During this communication, Defendant threatened to "make a decision" about this "legal matter" unless Plaintiff telephoned Defendant immediately.

22. At the time of this communication, Defendant had neither the intent nor ability to sue Plaintiff.

23. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

24. Defendant violated the FDCPA.

### COUNT ONE

### Violation of the Fair Debt Collection Practices Act

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party and failed to comply with 15 U.S.C. §1692b.

### COUNT TWO

### Violation of the Fair Debt Collection Practices Act

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party and disclosed that Plaintiff owed the debt.

### COUNT THREE

### Violation of the Fair Debt Collection Practices Act

29. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

30. Defendant violated 15 U.S.C. §1692d in that Defendant failed to meaningfully disclose its identity during telephone communications with Plaintiff.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

31. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

32. Defendant violated 15 U.S.C. §1692e in that Defendant failed to advise Plaintiff during verbal communications that Defendant was a debt collector.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

33. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

34. Defendant violated 15 U.S.C. §1692e in that it falsely represented the character, amount, and/or legal status of the debt.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

35. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

36. Defendant violated 15 U.S.C. §1692e in that it threatened action that could not legally be taken and/or that was not intended to be taken.

## COUNT SEVEN

### Violation of the Fair Debt Collection Practices Act

37. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

38. Defendant violated 15 U.S.C. §1692e by making misrepresentations during its communications with Plaintiff.

## COUNT EIGHT

### Violation of the Fair Debt Collection Practices Act

39. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

40. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect the debt.

## COUNT NINE

### Invasion of Privacy by Public Disclosure of a Private Fact

41. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

42. Defendant released information which was private to Plaintiff and concerned Plaintiff's private life to Plaintiff's mother and girlfriend.

43. Defendant's threat of legal action to these people is highly offensive.

44. The information disclosed is not of legitimate concern to the public.

## COUNT TEN

### Invasion of Privacy by Intrusion upon Seclusion

45. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

46. Defendant intentionally interfered, physically or otherwise, with Plaintiff's solitude, seclusion, and or private concerns.

47. Defendant intentionally caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

48. Plaintiff has a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

49. The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

50. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial.

## JURY DEMAND

51. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

52. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Intrusion upon Seclusion.

    c. Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Public Disclosure of a Private Fact.

    d. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: _/s/ Mona Lisa C. Gacutan_____
Mona Lisa C. Gacutan
600 Stewart St, Ste 720
Seattle, WA  98101
Tel:  1.866.339.1156
Fax: 1.312.822.1064
Email:  mog@legalhelpers.com
*Attorney for Plaintiff*